UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

TALEATHA JACKSON,
    Plaintiff,

-vs-                               Case No.
                                     Hon.

LEXISNEXIS RISK SOLUTIONS, INC.,
    Defendant.

## COMPLAINT & JURY DEMAND

*Taleatha Jackson states the following claims for relief:*

### Jurisdiction

1. All allegations and claims in this complaint stem from false and inaccurate credit reporting relating to Ms. Jackson.

2. Ms. Jackson brings this lawsuit under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

3. This claim presented under the FCRA present a federal question for purposes of 28 U.S.C. § 1331.

### Parties

4. The Plaintiff is Taleatha Jackson, who resides in Oakland County, Michigan.

5. Taleatha Jackson is a consumer as defined by the FCRA at § 1681a(c).

6. The Defendant to this action is LexisNexis Risk Solutions, Inc. ("LexisNexis"), which is a consumer reporting agency as contemplated by the FCRA.

## Factual Allegations

7. In October 2015, Ms. Jackson requested insurance from State Farm Fire and Casualty Company ("State Farm").

8. State Farm attempted to obtain a consumer report from LexisNexis relating to Ms. Jackson.

9. State Farm was unable to obtain a consumer report from LexisNexis relating to Ms. Jackson.

10. State Farm stated that it was unable to obtain a consumer report relating to Ms. Jackson because "subject deceased indicator on file."

11. As a result of State Farm's inability to obtain a consumer report for Ms. Jackson, State Farm denied Ms. Jackson's request for insurance.

12. Ms. Jackson later obtained a copy of her National Credit File report from LexisNexis containing the data that LexisNexis provided to State Farm.

13. The National Credit File report contained a tradeline from WEBBANK/DFS which reported Ms. Jackson as deceased.

14. The WEBBANK/DFS tradeline lists the "date reported" of Ms. Jackson being deceased as October 2009.

15. The WEBBANK/DFS tradeline was inaccurate.

16. Ms. Jackson is not now deceased nor was she deceased in October 2009.

17. The National Credit File report also contained several other tradelines that reported information about Ms. Jackson since October 2009.

18. No tradeline in the National Credit File report other than the WEBBANK/DFS tradeline reported Ms. Jackson as deceased.

19. Based upon the other tradelines in Ms. Jackson's National Credit File report, LexisNexis had actual notice that Ms. Jackson was not deceased.

20. LexisNexis ignored this conflicting information and instead provided the false information to State Farm that Ms. Jackson was dead.

21. LexisNexis did not follow reasonable procedures to assure the maximum possible accuracy of the information that it reported about Ms. Jackson.

22. Each year, LexisNexis receives lawsuits and other complaints concerning false reports of death.

23. Despite these complaints, LexisNexis has refused to make systematic changes to correct this problem.

**COUNT I – FCRA, 15 U.S.C. § 1681 *et seq*. (LexisNexis)**

24. Ms. Jackson incorporates the preceding allegations by reference.

25. LexisNexis violated the FCRA, 15 U.S.C. § 1681e(b).

26. LexisNexis' violation of the FCRA was negligent and caused harm to Ms. Jackson, in violation of 15 U.S.C. §§ 1681e(b) and 1681o.

27. Alternatively, LexisNexis' violation of the FCRA was willful, in violation of 15 U.S.C. §§ 1681e(b) and 1681n.

28. Ms. Jackson has suffered damages as a result of this violation of the FCRA.

## Jury Demand

29. Ms. Jackson demands trial by jury.

## Request for Relief

30. *ACCORDINGLY, Ms. Jackson requests that the Court grant any or all of the following relief:*

    a. *Actual damages for items including emotional distress, mental aguish, frustration, humiliation, and embarrassment.*

    b. *Statutory damages in an amount to be determined at trial.*

    c. *Punitive damages in an amount to be determined at trial.*

    d. *Costs and attorney fees provided by statute.*

    e. *Declaratory and injunctive relief as appropriate.*

    f. *Any other relief the Court deems just.*

        Respectfully Submitted,

        LYNGKLIP & ASSOCIATES
        CONSUMER LAW CENTER, PLC

        By: /s/ Carl Schwartz
        Carl Schwartz (P-70335)
        Attorney for Taleatha Jackson
        24500 Northwestern Highway, Ste. 206
        Southfield, MI 48075
        (248) 208-8864
        Carl@MichiganConsumerLaw.Com

Dated: June 27, 2016